**1**

John A. HORRELL, Appellant, v. John W. McFARLAND et al. (Circuit Court of Appeals, Eighth Circuit. August 4, 1924.) No. 6763. Appeal from the District Court of the United States for the Eastern District of Missouri. Sam B. Jeffries, of St. Louis, Mo., for appellant.

PER CURIAM. Appeal docketed and dismissed, without costs to either party in this court, on motion of appellant.

---

**2**

INTERNATIONAL HEATING CO. et al., Appellants, v. OLIVER OIL GAS BURNER & MACHINE CO. (Circuit Court of Appeals, Eighth Circuit. March 1, 1924.) No. 6197. Appeal from the District Court of the United States for the Eastern District of Missouri. Roscoe Anderson, William R. Gilbert, and Jesse A. Wolfort, all of St. Louis, Mo., for appellants. Wilber B. Jones, of St. Louis, Mo., for appellee.

PER CURIAM. Decree reversed, at costs of appellee, and cause remanded, with directions to dismiss citation for contempt, per stipulation of parties.

---

**3**

Malie ISICKSON, etc., et al., Appellants, v. THE MACCABEES et al. (Circuit Court of Appeals, Eighth Circuit. September 9, 1924.) No. 6397. Appeal from the District Court of the United States for the District of Colorado. George A. Chase, of Denver, Colo., for appellants. George P. Steele and Mary F. Lathrop, both of Denver, Colo., for appellees.

PER CURIAM. Appeal dismissed, with costs, on motion of appellees.

---

**4**

Robert JONES, Plaintiff in Error, v. UNITED STATES. (Circuit Court of Appeals, Eighth Circuit. May 5, 1924.) No. 6036. In Error to the District Court of the United States for the Eastern District of Missouri. P. P. Mason and J. M. Holmes, both of St. Louis, Mo., for plaintiff in error. John C. Dyott, Sp. Asst. Atty. Gen., and Politte Elvins, Sp. Asst. U. S. Atty., of Bonne Terre, Mo., for the United States.

PER CURIAM. Writ of error dismissed, without costs to either party in this court, on motion of defendant in error, under rule 24.

**5**

William B. KASS and Frank B. Sheldon, Plaintiffs in Error, v. UNITED STATES, Defendant in Error. (Circuit Court of Appeals, Second Circuit. November 21, 1924.) No. 71. In Error to the District Court of the United States for the Southern District of New York. Samuel Hershenstein, of New York City, for plaintiffs in error. William Hayward, U. S. Atty., of New York City (Abraham I. Menin, Asst. U. S. Atty., of New York City, of counsel), for the United States. Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Judgment affirmed.

---

**6**

Jack LA FEVER, Plaintiff in Error, v. UNITED STATES. (Circuit Court of Appeals, Eighth Circuit. May 29, 1924.) No. 6443. In Error to the District Court of the United States for the Western District of Oklahoma. George W. Carry, of Guthrie, Okl., for plaintiff in error. W. A. Maurer, U. S. Atty., of Oklahoma City, Okl.

PER CURIAM. Writ of error dismissed, without costs to either party in this court, for want of prosecution.

---

**7**

LAMSON COMPANY, Petitioner, Appellant, v. E. T. SLATTERY COMPANY et al., Defendants, Appellees. (Circuit Court of Appeals, First Circuit. February 3, 1925.) No. 1818. Appeal from the District Court of the United States for the District of Massachusetts; Morton, Judge. For opinion below, see 1 F.(2d) 447. See, also, 296 F. 724. 299 F. 285. Robert Cushman, of Boston, Mass. (Roberts, Roberts & Cushman, of Boston, Mass., on the brief), for appellant. Merrell E. Clark, of New York City (Fish, Richardson & Neave, of New York City, on the brief), for appellee. Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. After the mandate embodying our decision in Slattery Co. v. Lamson Co. (June 10, 1924) 299 F. 285, reached the District Court, an injunction was issued restraining the Slattery Company from infringing the first two claims of the Libby patent. The Slattery Company thereupon installed a different type of valve, and the Lamson Company, contending that the new valve infringed claims 1 and 2 of the Libby patent, presented a petition asking that the Slattery Company be cited for contempt. A hearing was had on the petition, and the District Court found that the structure now used by the Slattery Company did not infringe; that the controlling valve of the Libby device, which is an essential part of it, and without which it will not function, is entirely wanting in the present Slattery structure, and entered a decree that the new structure did not infringe, and dismissed the petition for attachment. We fully agree with the conclusion reached in the court below and for the reasons there stated. The decree of the District Court is affirmed, with costs to the appellees.